# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X

DAVID SENICK,

        Plaintiff,

        v.

HOME DEPOT CREDIT SERVICES, and CITI BANK,

        Defendants.

Civil Action No.:

**NOTICE OF REMOVAL FROM COURT OF COMMON PLEAS OF MONROE COUNTY**

---------------------------------------------------------------X

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Home Depot Credit Services[1] and Citibank, N.A. (erroneously sued as "Citi Bank")("Citibank")(collectively, "Defendants"), by and through their undersigned counsel, hereby give notice of removal of this action to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§ 1331 and 1441(a). As stated below, Plaintiff asserts claims under federal law: the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Therefore, federal question jurisdiction exists here.

## BACKGROUND

1. Plaintiff David Senick ("Plaintiff") filed a Complaint in the Court of Common Pleas of Monroe County, Pennsylvania, under docket number 5559-CV-20 (the "State Court Action"), against Defendants on or about October 20, 2020. A true and correct copy of the

---

[1] Home Depot Credit Services is not an actual entity. The Home Depot-branded credit cards are issued by Citibank.

complaint (the "Complaint"), representing all pleadings filed in the State Court Action, is attached hereto as **Exhibit A**.

2. In the Complaint, Plaintiff asserts claims for alleged violations of the TCPA and FDCPA, as well as for harassment. Compl. at Counts I–III.

3. Defendants have not yet answered, moved, or otherwise responded to the Complaint in the State Court Action. By filing this Notice of Removal, Defendants do not waive any defense that may be available, including, but not limited to, lack of *in personam* jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief may be granted, and/or failure to join a necessary party, or any right to compel arbitration.

4. As of the date of this Notice of Removal, Defendants have not been properly served with a copy of the Summons and Complaint by Plaintiff. Therefore, this Notice of Removal is timely as the 30-day time period set forth in 28 U.S.C. § 1446(b)(1) has not yet expired. *See* 28 U.S.C. § 1446(b)(1).

## JURISDICTIONAL BASIS FOR REMOVAL

5. Plaintiff alleges that Citibank's conduct violated federal law—the TCPA, 47 U.S.C. § 227 and the FDCPA, 15 U.S.C. §§ 1692, *et seq. See generally* Compl.

6. Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because claims asserted by Plaintiff arise under the laws of the United States, and such claims are within the original jurisdiction of this Court under 28 U.S.C. § 1331.

7. Furthermore, Plaintiff seeks over $75,000 in this lawsuit, and is domiciled in Pennsylvania. *See generally* Compl. Neither Home Depot Credit Services nor Citibank are domiciled or have their respective principal place of business in Pennsylvania. Rather, Home

Depot Credit Services is not an actual entity and has no domicile, and Citibank is a national bank located in Sioux Falls, South Dakota, and is a citizen of South Dakota for purposes of removal.

8. Additionally, the Court has supplemental jurisdiction over any state law claims, to the extent any such claim exists.  28 U.S.C. § 1367.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the United States District Court for the Middle District of Pennsylvania embraces the place where this action is pending, the Court of Common Pleas of Monroe County.

## TIMELINESS OF REMOVAL

10. The Complaint was filed on October 20, 2020.

11. As of the date of this Notice of Removal, Defendants have not been properly served with a copy of the Summons and Complaint by Plaintiff.  A copy of the Complaint was faxed to Home Depot Credit Services on October 30, 2020.  Accordingly, this Notice is timely because it has been filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

12. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

13. Aside from the Summons and the Complaint faxed to Home Depot on October 30, 2020, no other process, pleading, or order has been sent to or received by Defendants in the State Court Action.  *See* 28 U.S.C. § 1446(b).

14. As required by 28 U.S.C. § 1446(d), copies of this Notice are being served on Plaintiff, as well as the Clerk of the Court of Common Pleas of Monroe County.

WHEREFORE, Defendants hereby remove the above-captioned action now pending in the Court of Common Pleas of Monroe County, to the United States District Court for

the Middle District of Pennsylvania, and request that this Court assume full jurisdiction over this case as provided by law.

DATED:  November 19, 2020                              Ballard Spahr LLP

*/s/ Daniel JT McKenna*
Daniel JT McKenna
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 864-8500 (Telephone)
(215) 864-8999 (Fax)
mckennad@ballardspahr.com

*Counsel for Defendants, Citibank, N.A.
and Home Depot Credit Services*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2020, I caused a copy of the foregoing Notice of Removal to be served by first class mail, postage prepaid, upon the following:

>David Senick
>1637 Sugar Lane
>Kunkletown, PA 18058
>*Pro se Plaintiff*

>*/s/ Daniel JT McKenna*
>Daniel JT McKenna