**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID SENICK,<br><br>         Plaintiff,<br><br>  v.<br><br>HOME DEPOT CREDIT SERVICES, and CITI BANK,<br><br>         Defendants. | CIVIL ACTION NO. 3:20-cv-02173-SES |

**CITIBANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Citibank, N.A. (erroneously sued as "Citi Bank" and "Home Depot Credit Services," "Citibank"),[1] by its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint ("Complaint") of plaintiff David Senick ("Plaintiff"), and further states as follows:

**AS TO "COMPLAINT AND LAWSUIT"**

Citibank admits only that Plaintiff purports to set forth causes of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and for harassment. Citibank denies that it acted unlawfully or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff. To the extent any other response is required, denied.

**AS TO "PARTIES"**

1. Citibank is without knowledge or information sufficient to form a belief as to

---

[1] Home Depot Credit Services is not an entity. The Home Depot branded credit cards are issued and serviced by Citibank.

the truth of the allegations regarding Plaintiff's residential address, and as such, this allegation is denied.

2.  Citibank states that it is a national banking association, organized under the laws of the United States, and is located in Sioux Falls, South Dakota. Home Depot Credit Services is not an actual entity. The Home Depot branded credit cards are issued and serviced by Citibank. To the extent any further response is required, the allegations are denied.

## AS TO "JURISDICTION AND VENUE"

3.  Citibank states that the Complaint has been removed to federal court. Citibank does not challenge the jurisdiction or venue of the federal court for purposes of this action only but denies it has any liability to Plaintiff. Citibank further states that Plaintiff's claims are subject to arbitration pursuant to the arbitration agreement contained in the terms and conditions governing Plaintiff's account.

## AS TO "SUBSTANTIVE ALLEGATIONS"

4.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties, and as such, the allegations of this paragraph are denied. To the extent any other response is required, denied.

5.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties, and as such, the allegations of this paragraph are denied. To the extent any other response is required, denied.

6.  Citibank denies that Plaintiff has timely made all payments on his account(s). Citibank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding the alleged actions of other parties, and as such, the allegations of this paragraph are denied. To the extent any other response is required, denied.

7.      Citibank admits only that it has placed phone calls in an attempt to contact Plaintiff.  Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff.  To the extent any other response is required, denied.

8.      Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties, and as such, the allegations of this paragraph are denied.  To the extent any other response is required, denied.

9.      Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties, and as such, the allegations of this paragraph are denied.  To the extent any other response is required, denied.

10.     Citibank admits only that it has placed phone calls in an attempt to contact Plaintiff.  Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff.  To the extent any other response is required, denied.

11.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties, and as such, the allegations of this paragraph are denied.  To the extent any other response is required, denied.

12.     Citibank incorporates by reference all responses to the above paragraphs of the Complaint as though fully stated herein.

## AS TO "PRELIMINARY STATEMENT"

A.      Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff.  To the extent any other response is required, denied.

B.  Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff. To the extent any other response is required, denied.

## AS TO "COUNT ONE"

C.  Citibank admits only that Plaintiff seeks $10,000.00 for purported harassment by Citibank. Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff. Citibank further denies that it is liable for any of the damages, injury, or harm allegedly suffered by Plaintiff. To the extent any other response is required, denied.

## AS TO "COUNT TWO"

D.  Citibank admits only that Plaintiff seeks $34,000.00 for purported violations of the TCPA. Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff. Citibank further denies that it is liable for any of the damages, injury, or harm allegedly suffered by Plaintiff. To the extent any other response is required, denied.

## AS TO "COUNT THREE"

E.  Citibank admits only that Plaintiff seeks $34,000.00 for purported violations of the FDCPA. Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff. Citibank further denies that it is liable for any of the damages, injury, or harm allegedly suffered by Plaintiff. To the extent any other response is required, denied.

F.  Citibank admits only that Plaintiff seeks court costs and attorneys' fees. Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the

TCPA, FDCPA, or any other statute, with regard to Plaintiff. Citibank further denies that it is liable for any of the costs or fees demanded by Plaintiff. To the extent any other response is required, denied.

G. Citibank admits only that Plaintiff seeks $78,000.00. Citibank denies that it acted unlawfully, harassed Plaintiff, or engaged in any conduct that violated the TCPA, FDCPA, or any other statute, with regard to Plaintiff. Citibank further denies that it is liable for any of the damages, injury, or harm allegedly suffered by Plaintiff. To the extent any other response is required, denied.

**WHEREFORE**, Citibank denies any liability whatsoever, denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Citibank, and demand judgment in their favor and against Plaintiff, together with such other relief, including costs and attorneys' fees, as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Having answered the Complaint, Citibank assert the following affirmative defenses. By asserting these defenses, Citibank does not assume the burden of proof where it otherwise rests with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

1. Plaintiff's claims are subject to binding and individual arbitration in accordance with the written arbitration agreement of the parties. Citibank therefore reserves its right to compel individual arbitration.

## SECOND AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

2. The Complaint, and each claim and cause of action set forth therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. The Complaint is barred, in whole or in part, by the conduct, actions, and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. Plaintiff unreasonably has delayed taking action in connection with the alleged claims, causing substantial prejudice to Citibank, and such claims therefore are barred pursuant to the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6. To the extent that Plaintiff has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. The Complaint, and each claim and cause of action set forth therein, is barred in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8. The Complaint, and each claim and cause of action set forth therein, is barred in whole or in part by the applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

9. Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Citibank.

## **TENTH AFFIRMATIVE DEFENSE**

### **(No Injury)**

10. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because Plaintiff suffered no injury or actual damages as a result of any conduct by Citibank.

## **ELEVENTH AFFIRMATIVE DEFENSE**

### **(Choice of Law)**

11. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, to the extent it is based on law other than the governing law contained in the parties' agreements.

## **TWELFTH AFFIRMATIVE DEFENSE**

### **(Ratification)**

12. The Complaint, and each purported cause of action therein, is barred by the conduct, actions, and inactions of Plaintiff under the doctrine of ratification.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

### **(Speculative Damages)**

13. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Plaintiff seeks damages that are too speculative to permit recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

14. Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence in order to avoid incurring the damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Discharge of Duty)

15. Citibank alleges that it appropriately, completely, and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

16. Plaintiff's damages claim under the TCPA is barred due to an absence of any actual damages. Hence, any statutory damages are an excessive fine and violate Citibank's rights under the Due Process and Takings Clauses of the United States Constitution and/or the Pennsylvania Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Inequity)

17. At all relevant times, Citibank acted in good faith in its dealings, if any, with Plaintiff. As such, it would be inequitable to award Plaintiff damages in any amount.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Offset)**

18. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Citibank asserts that it is entitled to any offset of any damages claimed by Plaintiff based on any amount owing on the account(s) at issue.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Consent)**

19. Plaintiff and/or another customary user of the phone who can bind Plaintiff consented to receive any telephone calls which allegedly were made and any purported revocation of consent was ineffective as a matter of fact and law.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Acquiescence)**

20. The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(First Amendment)**

21. Plaintiff's TCPA claims are barred under the First Amendment of the United States Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Lack of Standing)**

22. Plaintiff lacks standing to pursue the claims set forth in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Lack of Traceability)**

23. Plaintiff's alleged injuries are not traceable to the allegedly violative conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Bargained-For Exchange)

24.     Plaintiff's consent was part of the parties' bargained-for exchange, which cannot be unilaterally revoked.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Capacity)

25.     Citibank's telephony lacks the present capacity to generate random or sequential telephone numbers and to dial those numbers.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Original Creditor)

26.     Plaintiff's claim under the Fair Debt Collection Practices Act is barred because Citibank is not a "debt collector" within the meaning of the statute. *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("The FDCPA's provisions generally apply only to 'debt collectors.' . . . Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA.").

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Preemption of Harassment Claim)

27.     Plaintiff's harassment claim is preempted by the TCPA and/or the FDCPA.

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

28. Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

DATED:  November 27, 2020        */s/ Daniel JT McKenna*
Daniel JT McKenna, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: 215.665.8500
F: 215.864.8999
mckennad@ballardspahr.com

*Counsel for Defendant, Citibank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a copy of the foregoing Answer and Affirmative Defenses to be served via U.S. Mail upon the following:

David Senick
1637 Sugar Lane
Kunkletown, PA 18058
*Self-represented Plaintiff*

                                          */s/ Daniel JT McKenna*
                                          Daniel JT McKenna

Dated: November 27, 2020